CLERK'S COPY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

FILED AT ALBUQUERQUE NM

JUL 21 1999

ROBERT M. MARCH
CLERK

ELWYN BRADY DAVIS,

    Plaintiff,

v.      No. CIV-99-0588 SC/LCS

CORRECTION OFFICERS COUNTY JAIL,
PSYCHIATRICS,
ALBUQUERQUE POLICE DEPT.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's original and supplemental civil rights complaints (hereinafter together the "complaint") pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The IFP motion will be granted, and for the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action...is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the



complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint presents a litany of alleged deprivations suffered by Plaintiff during his arrest and detention. These deprivations include violation of Plaintiff's *Miranda* rights by police, and, during Plaintiff's detention, wrongful lockdown, segregation, disciplinary action, hospitalization, failure to protect from physical harm, inadequate jail conditions, and verbal harassment. The complaint does not specify the relief sought by Plaintiff.

No relief can be granted on the claim that police officers failed to advise Plaintiff of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). "The law in this circuit is clear...that the only remedy available for a *Miranda* violation is the suppression of any incriminating statements." *Lewis v. Nelson*, 113 F.3d 1246, 1997 WL 291177, at **3 (1997) (unpublished table decision) (citing *Bennet v. Passic*, 545 F.2d 1260, 1263 (10th Cir.1976)). "No rational argument can be made in support of the notion that the failure to give *Miranda* warnings subjects a police officer to liability under the Civil Rights Act." *Bennet*, 545 F.2d at 1263; *Lewis*, 1997 WL 291177, at **3. The *Miranda* claim will be dismissed.

Plaintiff's claims for wrongful lockdown, segregation, disciplinary action, and hospitalization are precluded under the Supreme Court's ruling in *Sandin v. Conner*, 515 U.S. 472 (1995). None of these claims is supported by a factual allegation that the purported actions of the detention center staff "impose[d] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. These allegations do not implicate Plaintiff's liberty interests and, therefore, do not support claims under the Due Process Clause.

Nor can relief be granted on the claims that Plaintiff was placed in danger of physical harm,

2

or for harassment or inadequate sanitary conditions. First, the complaint contains no factual support for the utterly conclusory endangerment claim. Second, the claim for alleged harassment fails under the general rule that mere words, without more, do not invade a federally protected right. *Williams v. Levansailor*, 153 F.3d 730, 1998 WL 426865 (10th Cir. 1998) (unpublished table decision) (racial slurs without more not actionable); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (idle threats of violence do not rise to the level of an Eighth Amendment violation). And third, the allegedly inadequate jail conditions, such as poor food choices and presence of roaches, do not support a claim under the Eighth or Fourteenth Amendments. To prevail on this claim, Plaintiff "must present factual evidence that he was 'incarcerated under conditions posing a substantial risk of serious harm,' and that the sheriff was aware of and disregarded an excessive risk to inmate health or safety by failing to take reasonable measures to abate the risk." *Lopez v. LeMaster*, 172 F.3d 756 (10th Cir. 1999) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 847 (1994). The complaint contains no such allegations and will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis (Doc. #5) filed June 18, 1999, is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED, and an order of dismissal shall be entered in accordance with this opinion.

*[signature]*
UNITED STATES DISTRICT JUDGE